[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Electroformers, Inc., filed this action against the defendants, Xpress Tool, Inc. (Xpress), Laser Fare, Inc. (Laser), Osley 
Whitney, Inc. (Osley) and Infinite Group, Inc. (Infinite), on December 19, 2001. The plaintiff alleges the following facts. Infinite owns, manages and operates corporations, including Xpress, Laser and Osley. On December 28, 1998, Infinite, acting through Xpress, executed a secured promissory note payable to the order of the plaintiff in the principal sum of $32,862.70 with interest, payable on or before December 31, 2000. The note provided that Xpress would pay the plaintiff on a monthly basis over twenty four consecutive payments. On January 1, 2000, Xpress was merged with Osley, and Osley undertook all obligations of Xpress. Osley began to make payments on the promissory note, but then ceased. After Osley failed CT Page 8013 to make five monthly payments, the plaintiff exercised its option to accelerate the balance due. The balance due has not been paid by Osley. The plaintiff alleges that it is Infinite's legal responsibility to pay the overdue balance.
On February 22, 2002, the defendants filed a motion to dismiss count one of the plaintiffs complaint asserting that the court lacks subject matter jurisdiction over the matter because the agreement contained a forum selection clause that stated that any dispute over this matter had to be brought in the courts of the state of Rhode Island. The plaintiff counters that the clause that the defendants rely on is really a choice of law provision and not a forum selection clause. The plaintiff asserts that Connecticut courts can apply Rhode Island law to this matter.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli,Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999).
The defendants' motion to dismiss is based solely on a provision of a security agreement between the parties.[1] The defendants have incorrectly characterized this provision as a forum selection clause. "[A] contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) OCI Mortgage Corp. v. Marchese,255 Conn. 448, 466, 774 A.2d 940 (2001). The court finds that the clear language of the contract provision at issue indicates that the intent of the parties in this matter was to apply Rhode Island law, not to select Rhode Island as a forum in which to bring suit. The provision only identifies the substantive law to be applied to the dispute. It does not identify specific courts that would have jurisdiction over disputes arising out of the agreement and it does not specify that the parties selected a particular venue.
"Connecticut courts are quite capable of applying foreign law when CT Page 8014 required to do so. . . ." Picketts v. International Playtex, Inc.,215 Conn. 490, 512, 576 A.2d 518 (1990). This court is able to apply Rhode Island law to this dispute. Accordingly, the defendants' motion to dismiss count one of the plaintiffs complaint is denied.
White, J.